IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DONALD MOORE, an individual<br><br>    Plaintiff,<br><br>    vs.<br><br>UNIVERSITY OF UTAH & NORTHWEST COMMISSION ON COLLEGES AND UNIVERSITIES<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER PENDING MOTIONS<br><br><br>Case No. 2:12-CV-231 TS |

I. INTRODUCTION

This matter is before the Court for screening of Plaintiff's Complaint. Plaintiff Donald Moore is proceeding pro se and in forma pauperis. He filed his Complaint with the Court on March 2, 2012.[1] On October 13, 2011, Plaintiff filed a Motion to Appoint Counsel[2] and a Motion for Service of Process,[3] leading the Court to now screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2).

II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a court must screen cases filed in forma pauperis and must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is

---

[1] Docket No. 7.

[2] Docket No. 8.

[3] Docket No. 9.

1

frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[4]

> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[5]

> "In addition, we must construe a pro se appellant's complaint liberally." This liberal treatment is not without limits, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[6]

### III. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff's Proposed Amended Complaint names as Defendants the University of Utah and the Northwest Commission on Colleges and Universities ("NWCCU").[7] Plaintiff alleges that he was working towards a bachelor's degree in English at the University of Utah, but had to

---

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (internal quotation omitted); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[5] *Id.* at 1217-18 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 & n.2 (10th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)).

[6] *Id.* at 1218 (quoting *Gaines v. Stenseng*, 292 F.3d at 1224 (10th Cir. 2002); *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)).

[7] Docket No. 10 Ex. 1, at 1.

withdraw due to a medical condition.[8]  Plaintiff now asks the court "to issue an order that requires the University of Utah and the NWCCU to confer upon [Plaintiff] a bachelors [sic] degree in English from the University of Utah even though [he] ha[s] not completed the prescribed courses for the English major."[9]

## IV. ANALYSIS

Plaintiff has not alleged a violation of the Constitution or federal statute.  Furthermore, the Court finds no such violation even after accepting all allegations in Plaintiff's Complaint as true and construing those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the Plaintiff.  Therefore, Plaintiff cannot prevail on the facts he has alleged and the Court finds that it would be futile to give him an opportunity to amend. "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."[10]  As the Court finds no plausible claim and no basis for jurisdiction, the Court will deny Plaintiff's Motion for Service of Process and dismiss this case.

## V. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff Donald Moore's Motion for Service of Process (Docket No. 9) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 8) is DENIED AS MOOT.  It is further

---

[8] Docket No. 7, at 1-2.

[9] *Id.* at 2.

[10] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).

ORDERED that Plaintiff's claims against all Defendants are DISMISSED.  The Clerk of the Court is directed close this case forthwith.

DATED   April 5, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge